REED SMITH LLP
Mark S. Melodia, Esquire (MSM-6992)
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, N.J. 08540
Tel. (609) 987-0050
Fax. (609) 951-0824
Attorneys for Defendants Wachovia, N.A.
and Wachovia Corporation

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARITZA MERCADO and SHONDA HAYES,<br><br>                Plaintiffs,<br><br>      v.<br><br>WACHOVIA, N.A. and WACHOVIA CORPORATION, a foreign corporation,<br><br><br>                Defendants. | CIVIL ACTION NO.:<br><br><br>NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT OF NEW JERSEY |

TO:

    The United States District Court
    For the District of New Jersey
    Mitchell S. Cohen U.S. Courthouse
    1 John F. Gerry Plaza
    Camden, New Jersey 08101

    Arthur Penn, Esquire
    Pellettieri, Rabstein and Altman
    790 Woodlane Road, Tarnsfield Plaza, Suite 6
    Mount Holly, New Jersey 08060

    **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441

and 1446, Defendants Wachovia, N.A. and Wachovia Corporation

("Wachovia"), by and through its attorneys, hereby removes this

action from the Superior Court of New Jersey, Law Division, Atlantic County to the United States District Court for the District of New Jersey.  In support of this Notice of Removal, Wachovia states as follows:

1.   Plaintiffs Maritza Mercado and Shonda Hayes originally commenced this action by filing a Complaint against Wachovia in the Superior Court, Law Division, Atlantic County, New Jersey, where it is presently captioned <u>Maritza Mercado and Shonda Hayes, individually and on behalf of all others similarly situated v. Wachovia, N.A. and Wachovia Corporation,</u> Docket No. L-03567-05.  No further proceedings before the state court have occurred.

2.   In the complaint, Plaintiffs allege statutory and common law causes of action against Wachovia.  A true and correct copy of the Complaint is attached hereto as **Exhibit A.**

3.   Plaintiffs accuse Wachovia of violating the Computer Fraud and Abuse Act, 18 <u>U.S.C.</u> 1030.  <u>See</u> Exhibit A, Count VIII.

4.   Defendant Wachovia Bank, N.A. is a national association with a principal place of business in North Carolina.

5.   Defendant Wachovia Corporation is a North Carolina corporation with a principal place of business in North Carolina.

6.   Plaintiffs are New Jersey residents.

7.   Wachovia was served with the Summons and Complaint on or about June 29, 2005.  This Notice of Removal is therefore timely pursuant to 28 U.S.C. § 1446(b).

8.   This Court has federal question jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. 1331 and 1441(b) in that the claims are "founded on a claim or right arising under … the laws of the United States."

9.   This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) in that the parties are residents of different states, and based upon the allegations contained in the Complaint, the amount in controversy may exceed $75,000.00.

10.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) in that at least one plaintiff is diverse from at least one defendant, and based upon the allegations contained in the Complaint, the aggregated claims of the putative class members may exceed $5,000,000.00.

11.  This Court has supplemental jurisdiction over Plaintiffs' joined state law claims, pursuant to 28 U.S.C. 1441(c).

12.  In conjunction with this Notice of Removal, Wachovia filed a Notice of filing of Notice of Removal to the United States District Court and Certification of Service with the Superior Court of New Jersey, Law Division, Atlantic County.

True and correct copies of that Notice and Certification are attached hereto as **Exhibit B.**

WHEREFORE, Wachovia gives notice that this action is removed from the Superior Court of New Jersey, Atlantic County to the United States District Court for the District of New Jersey.

**REED SMITH LLP**


By: _____
Mark S. Melodia, Esquire
(MSM-6992)
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, New Jersey 08543
Attorneys for Defendants
Wachovia, N.A. and Wachovia
Corporation

Dated:   July 5, 2005

**EXHIBIT A**

Attorneys:      PELLETTIERI, RABSTEIN AND ALTMAN
Address:        790 Woodlane Road, Tarnsfield Plaza, Suite 6
                Mount Holly, New Jersey 08060
Telephone No.:  (609) 267-3390
Fax No.:        (609) 265-9545
Attorney(s) for Plaintiff(s)

---

MARITZA MERCADO and SHONDA HAYES,          :       SUPERIOR COURT OF NEW JERSEY
                                           :       LAW DIVISION-ATLANTIC COUNTY
        Individually and on behalf of all others similarly  :       DOCKET NO.:   ATL-L-03567-05-05
situated,                                  :
                                           :
                                           :
                v.                         :
                                           :       Civil Action
                                           :
WACHOVIA, N.A. and WACHOVIA CORPORATION,   :
a foreign corporation,                     :
                                           :
        Defendants,                        :       SUMMONS

---

From the State of New Jersey
To the Defendant(s) named above:            WACHOVIA CORPORATION

        The Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this Summons, not counting the date of your receiving it.  (The address of each deputy clerk of the Superior Court is provided.)  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625.  A filing fee* payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

        If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

        If you cannot afford an attorney, you may call the Legal Services office in the county where you live.  A list of these offices is provided.  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A list of these numbers is also provided.

DATED:  June 14, 2005                       _____/S/ Donald F. Phelan_____
                                            SUPERIOR COURT CLERK

Name of Defendants to be Served:            WACHOVIA CORPORATION
Address of the Defendant to be Served:      301 South College St., Suite 4000
                                            One Wachovia Center
                                            Charlotte, NC 28288-0013

$135.00 FOR CHANCERY DIVISION CASES OR $135.00 FOR LAW DIVISION CASES

Attorneys:    **PELLETTIERI, RABSTEIN AND ALTMAN**
Address:    790 Woodlane Road, Tarnsfield Plaza, Suite 6
          Mount Holly, New Jersey 08060
Telephone No.:  (609) 267-3390
Fax No.:     (609) 265-9545
Attorney(s) for Plaintiff(s)

---

| | | |
|---|---|---|
| MARITZA MERCADO and SHONDA HAYES, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | LAW DIVISION-ATLANTIC COUNTY |
|     Individually and on behalf of all others similarly situated, | : | DOCKET NO.:   ATL-L-03567-05-05 |
| | : | |
| | : | |
| v. | : | |
| | : | Civil Action |
| WACHOVIA, N.A. and WACHOVIA CORPORATION, a foreign corporation, | : | |
| | : | |
| | : | |
|     Defendants, | : | SUMMONS |

---

From the State of New Jersey
To the Defendant(s) named above:      WACHOVIA, N.A.

    The Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this Summons, not counting the date of your receiving it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625. A filing fee* payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

DATED:  June 14, 2005

                                           _/S/ Donald F. Phelan_
                                          SUPERIOR COURT CLERK

Name of Defendants to be Served:      **WACHOVIA, N.A.**
Address of the Defendant to be Served:  301 South College St., Suite 4000
                                    One Wachovia Center
                                    Charlotte, NC 28288-0013

$135.00 FOR CHANCERY DIVISION CASES OR $135.00 FOR LAW DIVISION CASES

06/13/05  MON 14:59 FAX 609 265 9545      P.R. & A.                                    ☒019

ATLANTIC COUNTY COURT HOUSE
SUPERIOR COURT LAW DIV
1201 BACHARACH BLVD
ATLANTIC CITY   NJ 08401

COURT TELEPHONE NO. (609) 345-6700                    TRACK ASSIGNMENT NOTICE

COURT HOURS

                                    DATE:      JUNE 09, 2005
                                    RE:        MENENDO MARITZA ETAL VS WACHOVIA NA ETAL
                                    DOCKET:    ATL L -003567 05

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 4.

DISCOVERY IS PRESUMPTIVELY 450 DAYS BUT MAY BE ENLARGED OR SHORTENED BY THE
JUDGE AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST
DEFENDANT, WHICHEVER COMES FIRST.

THE MANAGING JUDGE ASSIGNED IS:  HON WILLIAM E. NUGENT

AT:   IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    002
      (609) 343-2296.

      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
      CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
      PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.

JKWPMJ

                                    ATTENTION:
                                             ATT: ARTHUR PENN
                                             PELLETTIERI RABSTEIN ALTMAN
                                             TANGSFIELD PLAZA, SUITE 6
                                             7791 WOODLANE ROAD
                                             MT HOLLY             NJ 08060

06/13/05   MON 14:53 FAX 609 265 9545        P.R. & A.                                    ☒001

PELLETTIERI, RABSTEIN AND ALTMAN
Arthur Penn, Esquire
Tarnsfield Plaza, Suite 6
790 Woodlane Road
Mt. Holly, NJ 08060
(609) 267-3390
Attorneys for Plaintiffs (Co-counsel listed below)

RECEIVED and
FILED

JUN. -8 2005

ATLANTIC COUNTY
LAW DIVISION

| | |
|---|---|
| MARITZA MERCADO AND SHONDA HAYES, Individually and on behalf of all others similarly situated, | :SUPERIOR COURT OF NEW JERSEY :LAW DIVISION :ATLANTIC COUNTY :DOCKET NO. ATL-L-3567-05 |
| Plaintiffs | : CIVIL ACTION : (CLASS ACTION) : COMPLAINT AND JURY DEMAND |
| v. | : |
| WACHOVIA, N.A., AND WACHOVIA CORPORATION foreign corporations | : |
| Defendants | : |

## CLASS ACTION COMPLAINT

### INTRODUCTION

1.     This is a class action brought by Maritza Mercado and Shonda Hayes ("Plaintiffs") on behalf of all other similarly situated persons who have or had checking and/or savings accounts with Wachovia, N.A., ("Defendant"), and who had their financial records with information including their names, social security numbers, and bank account records stolen, misappropriated and/or otherwise obtained by defendant's agents, servants and employees for sale to third persons or entities. Plaintiffs also sue on behalf of a Subclass of all other similarly situated New Jersey residents only who have or had

checking and/or savings accounts with Wachovia, N.A., ("Defendant"), and who had

their financial records with information including their names, social security numbers,

and bank account records stolen, misappropriated and/or otherwise obtained by

defendant's agents, servants and employees for sale to third persons or entities. As a

result, plaintiffs and the Class and Subclass will incur financial loss, including the cost of

obtaining credit theft protection services to assure that the stolen information is not being

used without authorization.

## PARTIES

2.      Plaintiff Maritza Mercado resides at 213 Martin L. King Avenue, Egg

Harbor Township, County of Atlantic, State of New Jersey. She had an account with

defendant. Plaintiff was notified that her personal financial information maintained by

defendant was stolen, and that the information contained therein was found in the

possession of a third party.

3.      Plaintiff Shonda Hayes resides at 517 Wisconsin Drive, Browns Mills,

Township of Pemberton, County of Burlington, State of New Jersey. She has an account

with defendant. Plaintiff was also notified that her personal financial information

maintained by defendant was stolen, and that the information contained therein was

found in the possession of a third party.

4.      Wachovia, National Association ("N.A."), is an interstate national bank

with corporate headquarters at 301 South College Street 4000, One Wachovia Center,

Charlotte, North Carolina 28288-0013. Wachovia, N.A., is a wholly owned subsidiary of

Wachovia Corporation, a North Carolina corporation and bank holding company.

2

Defendant does business in the State of New Jersey.  Upon information and belief

Wachovia, N.A., has over 2,600 "Financial Centers" from Connecticut to Florida.


## FACTS

5.      When opening their accounts with defendant, plaintiffs were required to
disclose information such as their social security number, address, and phone number.

6.      Plaintiffs' personal information as disclosed on their financial records with
defendant were stored by the defendant in an electronic data storage system.

7.      Plaintiffs believed that the personal information they gave to the defendant
would remain secure with the defendant, and that the information would be used only for
defendant's legitimate business purposes.

8.      Without plaintiffs' knowledge or consent their financial records kept by
the defendant were stolen, misappropriated and/or otherwise obtained by defendant's
agents, servants and/or employees and sold to third parties.

9.      The action of defendant's agents, servants and/or employees was willful,
wanton, reckless and/or malicious.

10.      The defendant is vicariously liable for the conduct of its agents, servants,
and/or employees.

11.      In effect, plaintiffs' identity, and that of the Class and Subclass, were
stolen.

3

12.    The nefarious scheme carried out by defendant's agents, servants and employees constituted one of the largest thefts of financial information in United States history, according to media reports.

13.    On information and belief, thousands of defendant's customers had their identity stolen.

14.    On information and belief, among the thousands of defendant's customers who had their identity stolen were residents of New Jersey.

15.    Plaintiffs were notified by the defendant that defendant would pay the cost of monitoring their credit for one year.

16.    To assure that no unauthorized person attempts to use plaintiffs' identity, credit monitoring will be necessary for many years (beyond the one year offered by defendant), at great expense to the plaintiffs and as a direct result of the misconduct of defendant and its agents, servants, and/or employees.

17.    Plaintiffs have and will continue to suffer emotional distress over the theft of her identity and the possibility that unauthorized persons will use her information to their detriment.

## CAUSES OF ACTION

### Count I: Negligence

18.    Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

19.    Defendant had a duty to plaintiffs to protect and secure the confidentiality of plaintiffs' financial records.

4

20.     Defendant knew or should have known through the exercise of reasonable care that its agents, servants and employees were stealing, misappropriating, and/or otherwise obtaining plaintiffs' financial records, but defendant failed to take action to prevent it.

21.     Defendant failed to exercise due care in implementing security measures which would have prevented the theft of the plaintiffs' records.

22.     The agents, servants, and/or employees of the defendant who stole, misappropriated, or otherwise obtained plaintiffs' financial records were unsuitable for the position they held and should not have been hired.

23.     Defendant failed to exercise due care in reviewing their background and employment applications.

24.     As a result of these and other acts and omissions, defendant breached its duties to the plaintiffs and the Class and Subclass, and plaintiffs seek compensatory and punitive damages.

### Count II: Invasion of Privacy

25.     Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

26.     Plaintiffs reasonably assumed that her financial records would be secure with defendant, and would be used only for defendant's legitimate business purposes. The information given by plaintiffs to the defendant was private in nature, and not intended to be accessible to the public.

27.     Instead, plaintiffs' personal financial records were stolen, misappropriated and/or obtained and given to third persons.

5

28.     As a result of these and other acts and omissions, defendant breached its duties to the plaintiffs and the Class and Subclass, and plaintiffs seek compensatory and punitive damages.

## Court III: Breach of Duty of Confidentiality

29.     Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

30.     Defendant's business relationship with the plaintiffs required the defendant to keep plaintiffs' personal information confidential.

31.     Instead, the plaintiffs' information was communicated to third persons without plaintiffs' knowledge or consent.

32.     As a result of these and other acts and omissions, defendant breached these duties to the plaintiffs and the Class and Subclass.

33.     Plaintiffs and the Class and Subclass have been damaged as a result of these breaches in confidentiality and seek compensatory and punitive damages.

## Count IV: Fraud

34.     Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

35.     The plaintiffs were induced to give their personal information to the defendant in order to open an account, and because they thought the information would remain secure with the defendant.  Plaintiffs relied on the fact that their financial records would be private.

6

36.   Instead, the information held by the defendant was stolen, misappropriated and/or otherwise obtained by the defendant's agents, servants and/or employees for their personal profit.

37.   Plaintiffs and the Class and Subclass have been damaged as a result of defendant's fraud and seek compensatory and punitive damages.

## Count V: Conversion

38.   Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

39.   Plaintiffs' confidential business information constitutes valuable property belonging to Plaintiffs.

40.   Defendant's agents, servants and/or employees have taken the property of Plaintiffs without permission and, upon information and belief, used and converted it for their own benefit.

41.   By reason of the foregoing, Defendant has converted Plaintiffs' valuable property and is liable to Plaintiffs in an amount to be determined at trial.

42.   Plaintiffs and the Class and Subclass have been damaged as a result of defendant's conversion and seek compensatory and punitive damages.

## Count VI: Consumer Fraud Act

43.   Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

44.   At all relevant times, there was in effect the New Jersey Consumer Fraud Act ("the Act"). N.J.S.A. § 56:8-1 et. seq.

7

45.     Plaintiffs and defendants are "persons" as defined in the Act.  N.J.S.A. §
56:8-1(d).

46.     The professional banking services that defendant advertised and
contracted to provide plaintiff in this cause are "merchandise" within the scope of the
Act.  N.J.S.A. 56:8-1(c).

47.     By providing banking services, defendants have engaged in a transaction
that constitutes a "sale" and "services" with the scope of the Act.

48.     The conduct of defendant's agents, servants and employees in stealing,
misappropriating, and/or otherwise obtaining plaintiff's financial records constitutes a
violation of the Act.

49.     Defendants have also violated the Act, N.J.S.A. §56-8-1, et. seq. by failing
to protect the private personal information of plaintiffs and the members of the Class and
Subclass.

50.     Defendant's conduct was unfair, unlawful and deceptive in that defendant
knew that they should protect the personal information of their customers, and that its
customers believed that this information would be used only for defendant's legitimate
business purpose.

51.     Plaintiffs and the members of the Class and Subclass were injured by the
cumulative and indivisible nature of defendant's conduct.

52.     As a proximate result of defendant's action and/or inaction, plaintiffs and
the members of the Class and Subclass have suffered an "ascertainable loss," in an
amount to be determined at trial.

8

53.    Plaintiffs and the members of the class seek actual damages, treble damages as provided within the Act, and attorney fees in accordance with the Act.

### Count VII: New Jersey Computer Fraud Statute (N.J.S.A. § 2A:38A-1)

54.    Plaintiffs incorporate by the reference the preceding paragraphs as if they were fully set forth herein.

55.    Defendant's agents, servants and employees purposely and/or knowingly accessed defendant's computers, computer systems, and computer networks to obtain the personal information of plaintiffs for non-business related purposes and without the knowledge or consent of plaintiffs in violation of N.J.S.A. § 2A:38A-1.

56.    Plaintiffs and the Class and Subclass seek compensatory and punitive damages, and the cost of suit, including reasonable counsel fees, and costs of investigation and litigation, pursuant to N.J.S.A. § 2A:38A-3

### Count VIII: Violation of the Computer Fraud and Abuse Act, 18 U.S.C. 1030

57.    Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

58.    Defendant accessed Plaintiffs' internal computer system, which is not open to the public, in order to view its contents and copy material maintained on this internal system.

59.    Among other things, Defendant without authorization, or at the very least, beyond the scope of its authorization, viewed Plaintiffs' records in order to obtain personal financial information which, on information and belief, defendants intended to sell to third parties.

9

60.     On information and belief, defendant's conduct involves interstate and/or foreign communication in that, among other things, defendant transferred the documents and information copied from Plaintiffs' internal computer system through interstate channels.

61. .   The foregoing acts and conduct of defendant's agents, servants and/or employees have caused loss or damages to one or more other persons, and the value of that loss or damage exceeds in the aggregate more than $5,000 in any one-year period. §1030(e)(11).

62.     The foregoing conduct of defendant's agents, servants, and/or employees was a violation of the Federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(2)(C) & (a)(4).

63.     Plaintiffs are entitled to an injunction restraining Defendant from engaging in further such acts in violation of the Federal Computer Fraud and Abuse Act, specifically, 18 U.S.C. § 1030(a)(2).

64.     Plaintiffs are further entitled to recover from Defendant damages in a precise amount to be proved at trial.

## CLASS ACTION ALLEGATIONS

65.     This action is brought by plaintiffs as a class action pursuant to Rule 4:32 of the New Jersey Court Rules, on behalf of themselves and a class of all other similarly situated individuals.  The Class consists of: All persons who have or had savings and/or checking accounts with the defendant and who had their personal financial information stolen, misappropriated and/or otherwise obtained from the computer data storage systems of defendant for reasons unrelated to the business of the defendant.

10

66.    Plaintiffs also bring this action as a class action pursuant to <u>Rule</u> 4:32 of the New Jersey Court Rules, on behalf of a Subclass.  The Subclass consists of: All residents of the State of New Jersey who have or had checking and/or savings accounts with the defendant and who had their personal financial information stolen, misappropriated and/or otherwise obtained from the computer data storage systems of defendant for reasons unrelated to the business of the defendant.

67.    Excluded from the Class and Subclass are defendants, any person or other entity employed by, related to, or affiliated with defendants, the judge assigned to this case and his or her staff, and counsel of record for plaintiffs and defendants.

68.    Plaintiffs are members of the Class and Subclass she seeks to represent.

69.    On information and belief, the Class is believed to include at least fifty thousand of defendant's customers.  As a result, joinder of all class members in a single action is impracticable.

70.    On information and belief, the Subclass is believed to include at least several thousand of defendant's customers who are residents of the State of New Jersey. As a result, joinder of all Subclass members in a single action is impracticable.

71.    There are important questions of law or fact common to the entire Class and Subclass, including:

    a.  Whether defendant was negligent in its storage, retention, dissemination, and protection of the plaintiffs' financial information and the members of the Class and Subclass;

11

b.  Whether defendant systematically, intentionally and wrongfully failed to

protect plaintiffs and the financial information of plaintiffs and the

members of the Class and Subclass;

c.  Whether defendant failed to adequately protect the privacy of the plaintiffs

and the members of the Class and Subclass;

d.  Whether defendant breached its duty of confidentiality by failing to

adequately protect the financial information of plaintiffs and the members

of the Class and Subclass;

e.  Whether defendant wrongfully put its own interests ahead of the interests

of the members of the Class and Subclass.

f.  Whether defendant defrauded plaintiffs and the members of the Class and

Subclass;

g.  Whether defendant violated the New Jersey computer crimes statute;

h.  Whether defendant violated the New Jersey Consumer Fraud Statute;

i.  Whether defendant violated the Computer Fraud and Abuse Act.

72.     The important questions common to the members of the Class and

Subclass, including those identified in the previous paragraph, predominate over any

questions unique to individual members of the Class and Subclass.

73.     The claims of plaintiffs are typical of the claims of other members of the

Class and Subclass.  Like all members of the Class and Subclass, plaintiffs were entitled

to have their personal financial information protected by defendant.

74.     There are no conflicts between the interests of plaintiffs, and those of the Class and Subclass, and on information and belief, there are no defenses unique to any of them

75.     Plaintiffs will fairly and adequately assert and protect the interests of the Class and Subclass in that:

   a.   Plaintiffs are represented by experienced and able class action counsel; and

   b.   Plaintiffs have no conflicts of interest with the other members of the Class and Subclass.

   c.   Defendant has acted or refused to act on grounds generally applicable to the Class and Subclass thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Class and Subclass as a whole.

76.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, in that:

   a.   The Class and Subclass is not so large in size that there would be any difficulty in managing it;

   b.   The prosecution of separate actions by individual Class or Subclass would create a risk of inconsistent or varying adjudications and incompatible standards of conduct;

   c.   This Court is the appropriate forum for all of the claims of the Class because the conduct complained of herein occurred in, and was orchestrated and conducted in New Jersey.

13

d. This Court is the appropriate forum for all of the claims of the Subclass because the conduct complained of herein occurred in, and was orchestrated and conducted in New Jersey; defendant has served the citizens of New Jersey through numerous locations throughout the State of New Jersey; and the members of the Subclass are all located in this forum;

e. Many members of the Class and Subclass may be unaware of the existence of their claims without the notice provided by a class action;

f. Given the complexities of the issues and the expenses of litigation, the claims of many or most individual members of the Class and Subclass may be too small, as a practical matter, to justify separate actions against defendants;

g. On the other hand, the claims of the individual members of the Class and Subclass are not so small that a class action would be unjustified in light of its expense and effort;

77.  A class action will conserve administrative and judicial resources by avoiding unnecessary multiplication of claims and litigation.

## RELIEF SOUGHT

WHEREFORE, plaintiffs and the members of the Class and Subclass respectfully request that this Court grant the following relief against defendant:

1) enter an order pursuant to Rule 4:32-1(b)(2) and (3) of the New Jersey Court Rules permitting this action to be maintained as a class action on behalf of the Class as defined herein, appointing plaintiffs as the representatives of the Class and plaintiffs' counsel as counsel for the class;

14

2)        enter an order pursuant to Rule 4:32-1(b)(2) and (3) of the New Jersey Court Rules permitting this action to be maintained as a class action on behalf of the Subclass as defined herein, appointing plaintiffs as the representatives of the Subclass and plaintiffs' counsel as counsel for the class;

3)        enter an order requiring defendant to bear the costs of the notice required by Rule 4:32-2(b);

4)        enter a compensatory judgment in favor of the plaintiffs and the Class against the defendants in an amount to be proved at trial;

5)        ordering defendant to establish a credit monitoring program, at defendant's expense to ensure timely detection of any and all persons who attempt to use plaintiff's information as a result of the careless and reckless conduct of defendant;

6)        ordering defendant to establish new security measures, policies, and procedures designed to protect the unauthorized disclosure of financial information of the plaintiffs and the members of the Class and Subclass;

7)        ordering that a Special Master be appointed to ensure that defendant adequately enforce the above policy and procedures;

8)        granting preliminary and permanent injunctive relief against defendant, its officer, agents, servants, and employees, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, enjoining them form directly or indirectly

a.    Sending or transmitting to any destination, or directing, aiding, or conspiring with others to send or transmit to any destination, or

15

06/13/05   MON 14:58 FAX 609 265 9545          P.R. & A.                    ☐016

communicating the information contained in plaintiffs' banking records;

b.   Using, or directing, aiding, or conspiring with others to use plaintiffs' information, in any manner, directly or indirectly, in connection with the transmission or transfer of said financial data.

9)   Awarding plaintiffs statutory, compensatory, and punitive damages, and restitution, in an amount to be proven at trial, caused by defendant, and the conduct of its officers, agents, servants and employee; by its negligence and its failure to protect the members of the class' privacy; breach of the duty of confidentiality; fraud; conversion; violation of the New Jersey computer crimes statute; violation of the New Jersey Consumer Fraud Statute; violation of the Computer Fraud and Abuse Act.

10)   awarding plaintiffs, the Class and Subclass treble damages pursuant to N.J.S.A. § 56:8-1;

11)   awarding the Class and Subclass their costs and expenses in this litigation, including, but not limited to, expert fees and reasonable attorneys' fees, pursuant to N.J.S.A. § 56:8-19 and other applicable law;

12)   awarding plaintiffs, Class and Subclass compensatory and punitive damages, and the costs of suit, including reasonable attorneys' fees, and costs of investigation and litigation, pursuant to N.J.S.A. § 2A:38A-3

13)   ordering defendants to disgorge their illegal profits to the plaintiffs and the Class and the Subclass.

16

14)  ordering an accounting of the amount of money illegally obtained by the defendant;

15)  awarding plaintiffs, the Class and Subclass pre-judgment and post-judgment interest;

16)  awarding such further relief as this Court deems necessary, just and proper.

PELLETTIERI, RABSTEIN AND ALTMAN
Attorneys for Plaintiffs, By:

_____

Arthur Penn, Esquire

## JURY DEMAND

Plaintiffs hereby demands trial by jury of all issues properly triable thereby.

PELLETTIERI, RABSTEIN AND ALTMAN
Attorneys for Plaintiffs, By:

_____

Arthur Penn, Esquire

## DESIGNATION OF TRIAL COUNSEL PURSUANT TO R. 4:5-1(c)

Arthur Penn, Esq. is hereby designated as trial counsel in this matter.

PELLETTIERI, RABSTEIN AND ALTMAN
Attorneys for Plaintiffs, By:

_____

Arthur Penn, Esquire

17

## CERTIFICATION PURSUANT TO R. 4:5-1

I hereby certify in accordance with New Jersey Court Rule 4:5-1 that to the best

of my knowledge, information and belief the instant matter in controversy is not the

subject of any other action pending in any court or of a pending arbitration proceeding

and no other persons must be joined as parties.

PELLETTIERI, RABSTEIN AND ALTMAN
Attorneys for Plaintiffs, By:

_____

Arthur Penn, Esquire
Tarnsfield Plaza, Suite 6
790 Woodlane Road
Mt. Holly, NJ 08060
(609) 267-3390
Attorneys for Plaintiffs


LYNCH ★ KEEFE ★ BARTELS
John E. Keefe, Jr., Esq.
830 Broad Street
Shrewsbury, New Jersey 07702
(732) 224-9400
**ATTORNEYS FOR PLAINTIFFS**

18

06/13/05  MON 14:59 FAX 609 265 9545       P.R. & A.                          ⓘ020

## CIVIL CASE INFORMATION STATEMENT
### (CIS)

Use for initial Law Division -- Civil Part pleadings (not motions) under Rule 4:5-1.
**Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.**

| FOR USE BY CLERK'S OFFICE ONLY | |
|---|---|
| PAYMENT TYPE: CK   CG   CA | |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Arthur Penn | ( 609 ) 267-3390 | Atlantic |

| FIRM NAME (if applicable) | DOCKET NUMBER (When available) |
|---|---|
| PELLETTIERI, RABSTEIN AND ALTMAN | ATL-L-3567-05 |

**RECEIVED and FILED**

**JUN -8 2005**

**ATLANTIC COUNTY LAW DIVISION**

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 790 Woodlane Road | Class Action Complaint |
| Tarnsfield Plaza, Suite 6 | JURY DEMAND |
| Mt. Holly, NJ 08060 | ✔ YES   NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Maritza Mercado and Shonda Hayes | Mercado, et al v. Wahovia, N.A. |

| CASE TYPE NUMBER (See reverse side for listing) 508/999 | IS THIS A PROFESSIONAL MALPRACTICE CASE?   YES  ✔ NO  IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
|---|---|

| RELATED CASES PENDING?  ✔ YES   NO | IF YES, LIST DOCKET NUMBERS   MER-L-1455-05  (Jones v. Bank of America) |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?   YES  ✔ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN   NONE   ✔ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| A. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?  ✔ YES   NO | IF YES, IS THAT RELATIONSHIP   EMPLOYER-EMPLOYEE   FRIEND/NEIGHBOR   OTHER (explain) _____   FAMILIAL   ✔ BUSINESS |
|---|---|

B. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?  ✔ YES   NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

This is a putative class action relating to the theft of plaintiff's personal information by defendant's employees.

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?   YES  ✔ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: _____ |
|---|---|
| WILL AN INTERPRETER BE NEEDED?   YES  ✔ NO | IF YES, FOR WHAT LANGUAGE: _____ |

ATTORNEY SIGNATURE

Revised effective 3/1/04

**SIDE 2**   

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
### Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I — 150 days' discovery**
| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY |
| 502 | BOOK ACCOUNT |
| 505 | OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 599 | CONTRACT/COMMERCIAL TRANSACTION |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (SUMMARY ACTION) |

**Track II — 300 days' discovery**
| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 602 | ASSAULT AND BATTERY |
| 603 | AUTO NEGLIGENCE - PERSONAL INJURY |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE - PROPERTY DAMAGE |
| 699 | TORT – OTHER |

**Track III — 450 days' discovery**
| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |

**Track IV — Active Case Management by Individual Judge / 450 days' discovery**
| | |
|---|---|
| 156 | ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 513 | REPETITIVE STRESS SYNDROME |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRIT |

**Mass Tort (Track IV)**
| | | | |
|---|---|---|---|
| 240 | DIET DRUG | 284 | PPA |
| 248 | REZULIN | 601 | ASBESTOS |
| 247 | PROPULSID | 619 | VIOXX |
| 248 | CIBA GEIGY | | |

999 OTHER (Briefly describe nature of action) __Class Action__

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics."

Please check off each applicable category:

☐ Verbal Threshold      ☑ Putative Class Action      ☐ Title 59

Revised Effective 3/1/04

06/13/05  MON 15:00 FAX 609 265 9545          P.R. & A.                                    ⬚022

## CO-COUNSEL INFORMATION

LYNCH, KEEFE & BARTELS
John E. Keefe, Jr., Esquire
830 Broad Street
Shrewsbury, NJ 07702
(732) 224-9400   (telephone)
(732) 224-9494   (fax)

**EXHIBIT B**

REED SMITH LLP
Mark S. Melodia, Esquire
Princeton Forrestal Village
136 Main Street
Princeton, N.J. 08543
Tel. (609) 987-0050
Attorneys for Defendants Wachovia, N.A.
and Wachovia Corporation

| | |
|---|---|
| MARITZA MERCADO and SHONDA HAYES,<br><br>                              Plaintiffs,<br><br>          v.<br><br>WACHOVIA, N.A. and WACHOVIA CORPORATION,<br><br>                              Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION ATLANTIC COUNTY<br><br>DOCKET NO.: L-03567-05<br><br>NOTICE OF FILING OF NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT |

TO:

          Clerk of the Superior Court
          Hughes Justice Complex
          25 West Market Street
          P.O. Box 971
          Trenton, NJ 08625

          Clerk of the Superior Court
          Law Division, Atlantic County
           1201 Bacharach Boulevard
          Atlantic City, New Jersey 08401

          Arthur Penn, Esquire
          Pellettieri, Rabstein and Altman
          790 Woodlane Road, Tarnsfield Plaza, Suite 6
          Mount Holly, New Jersey 08060

     **PLEASE TAKE NOTICE** that on July 5, 2005, Wachovia, N.A. and

Wachovia Corporation, defendants in the above-captioned action,

filed a Notice of Removal of this action from the Superior Court

of New Jersey, Law Division, Atlantic County, New Jersey to the

United States District Court for the District of New Jersey with the District Court. A true and correct copy of that filing is attached hereto as **Exhibit A**.

Pursuant to 28 U.S.C. § 1446(d), the Superior Court, Law Division, shall proceed no further unless and until this action is remanded.

**REED SMITH LLP**

By: _____

Mark S. Melodia, Esquire
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, New Jersey 08543
Attorneys for Defendants,
Wachovia, N.A. and Wachovia
Corporation

Dated: July 5, 2005

REED SMITH LLP
Mark S. Melodia, Esquire
Princeton Forrestal Village
136 Main Street
Princeton, N.J. 08543
Tel. (609) 987-0050
Attorneys for Defendants Wachovia, N.A.
and Wachovia Corporation

| | |
|---|---|
| MARITZA MERCADO and SHONDA HAYES,<br><br>                    Plaintiffs,<br><br>          v.<br><br>WACHOVIA, N.A. and WACHOVIA CORPORATION,<br><br>                    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>ATLANTIC COUNTY<br><br>DOCKET NO.: L-03567-05<br><br>CERTIFICATION OF SERVICE |

I hereby certify that on July 5, 2005, I served the foregoing Notice of Filing of Notice of Removal to the United States District Court via Federal Express upon the Clerk of the Superior Court, Hughes Justice Complex, 25 West Market Street, P.O. Box 971, Trenton, New Jersey 08625, upon the Clerk of the Court, Superior Court of New Jersey, Law Division, Atlantic County, 1201 Bacharach Boulevard, Atlantic City, New Jersey 08401.

I also served a copy of the foregoing via Federal Express

upon the attorney of record for Plaintiffs as follows:

> Arthur Penn, Esquire
> Pellettieri, Rabstein and Altman
> 790 Woodlane Road, Tarnsfield Plaza, Suite 6
> Mount Holly, New Jersey 08060

By: _____

Mark S. Melodia, Esquire

Dated:   July 5, 2005