REED SMITH LLP
Mark S. Melodia, Esquire
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, N.J. 08540
Tel. (609) 987-0050
Fax. (609) 951-0824
Attorneys for Defendants Wachovia Bank, N.A.
and Wachovia Corporation

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARITZA MERCADO and SHONDA HAYES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WACHOVIA, N.A. and WACHOVIA CORPORATION, a foreign corporation,<br><br>Defendants. | CIVIL ACTION NO.: 1:05-cv-3393<br><br>Hon. Robert B. Kugler<br><br>STIPULATION OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE AND TOLLING AGREEMENT |

Maritza Mercado and Shonda Hayes, individually and on behalf of all others similarly situated (collectively, "**Plaintiffs**") and Wachovia Bank, N.A. and Wachovia Corporation (collectively, "**Defendants**") are the Parties to the above-captioned matter. The Complaint in this matter was filed June 8, 2005.

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), the Parties agree that Plaintiffs shall voluntarily dismiss this action without prejudice and without costs or fees to either Party.

The Parties further agree, through their counsel, to toll all statutes of limitation, with respect to the matters complained of in the Complaint, for either Party to file a claim against the other, assert a defense, and/or make any motion with respect to the claims in the Complaint.

Such tolling shall extend from November 1, 2005 to January 1, 2007 ("**the Tolling Period**"), or as modified by further stipulation of the parties and by further Order of this Court.

The Parties agree that Plaintiffs do not waive, release, or otherwise lose the ability to assert any claims which they could have made against the Defendants prior to November 1, 2005. Rather, a period of time equal in length to the Tolling Period shall be added to the time for Plaintiffs to bring any actions and/or make any motions against Defendants, (a) regardless of whether such actions and/or motions arise under United States law or state law, (b) regardless of whether such actions and/or motions arise under statutory or common law, and (c) regardless of whether the time limitation is imposed pursuant to statute, code, rule, or best practices.

The Parties agree that Defendants do not waive, release, or otherwise lose the ability to assert any counterclaims, raise any defenses, and/or make any motions which they could have made against the Plaintiffs prior to November 1, 2005 with respect to claims in the Complaint. Rather, a period of time equal in length to the Tolling Period shall be added to the time for Defendants to assert such counterclaims, raise such defenses, and/or make such motions against Plaintiffs with respect to claims in the Complaint, (a) regardless of whether such counterclaims, defenses, and/or motions arise under United States law or state law, (b) regardless of whether such counterclaims, defenses, and/or motions are made pursuant to statutory or common law, and (c) regardless of whether the time limitation is imposed pursuant to statute, code, rule, or best practices.

Without limiting the above in any way, the Parties specifically agree that Defendants do not waive, release, or otherwise lose the benefit of any right which could have been asserted prior to November 1, 2005 to (a) compel the Plaintiffs to arbitration and/or (b) compel the Plaintiffs to pursue this case on an individual, non-class basis.

**REED SMITH LLP**
Mark S. Melodia, Esquire
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, N.J. 08540
Tel. (609) 987-0050
Fax. (609) 951-0824
Attorneys for Defendants Wachovia Bank, N.A.
and Wachovia Corporation

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARITZA MERCADO and SHONDA HAYES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WACHOVIA, N.A. and WACHOVIA CORPORATION, a foreign corporation,<br><br>Defendants. | CIVIL ACTION NO.: 1:05-cv-3393<br><br>Hon. Robert B. Kugler<br><br>STIPULATION OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE AND TOLLING AGREEMENT |

Maritza Mercado and Shonda Hayes, individually and on behalf of all others similarly situated (collectively, "**Plaintiffs**") and Wachovia Bank, N.A. and Wachovia Corporation (collectively, "**Defendants**") are the Parties to the above-captioned matter. The Complaint in this matter was filed June 8, 2005.

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), the Parties agree that Plaintiffs shall voluntarily dismiss this action without prejudice and without costs or fees to either Party.

The Parties further agree, through their counsel, to toll all statutes of limitation, with respect to the matters complained of in the Complaint, for either Party to file a claim against the other, assert a defense, and/or make any motion with respect to the claims in the Complaint.

Such tolling shall extend from November 1, 2005 to January 1, 2007 ("**the Tolling Period**"), or as modified by further stipulation of the parties and by further Order of this Court.

The Parties agree that Plaintiffs do not waive, release, or otherwise lose the ability to assert any claims which they could have made against the Defendants prior to November 1, 2005. Rather, a period of time equal in length to the Tolling Period shall be added to the time for Plaintiffs to bring any actions and/or make any motions against Defendants, (a) regardless of whether such actions and/or motions arise under United States law or state law, (b) regardless of whether such actions and/or motions arise under statutory or common law, and (c) regardless of whether the time limitation is imposed pursuant to statute, code, rule, or best practices.

The Parties agree that Defendants do not waive, release, or otherwise lose the ability to assert any counterclaims, raise any defenses, and/or make any motions which they could have made against the Plaintiffs prior to November 1, 2005 with respect to claims in the Complaint. Rather, a period of time equal in length to the Tolling Period shall be added to the time for Defendants to assert such counterclaims, raise such defenses, and/or make such motions against Plaintiffs with respect to claims in the Complaint, (a) regardless of whether such counterclaims, defenses, and/or motions arise under United States law or state law, (b) regardless of whether such counterclaims, defenses, and/or motions are made pursuant to statutory or common law, and (c) regardless of whether the time limitation is imposed pursuant to statute, code, rule, or best practices.

Without limiting the above in any way, the Parties specifically agree that Defendants do not waive, release, or otherwise lose the benefit of any right which could have been asserted prior to November 1, 2005 to (a) compel the Plaintiffs to arbitration and/or (b) compel the Plaintiffs to pursue this case on an individual, non-class basis.

The Parties agree to bring to this Court any disputes which arise under this Agreement or under any collateral agreement which the parties enter into to share information during this tolling period. For the purpose of adjudicating such disputes, this Court shall retain jurisdiction over this matter.

The Parties agree to request assignment to Judge Robert Kugler and Magistrate Judge Joel Rosen for any further proceedings between the Parties arising from the same events or claims encompassed by the Complaint.

| | |
|---|---|
| Arthur Penn<br>PELLETTIERI RABSTEIN AND ATMAN<br>Tarnsfield Plaza, Suite 6<br>790 Woodlane Road<br>Mount Holly, New Jersey 08060<br>Attorney for Plaintiffs<br><br>By: _____<br>    Arthur Penn<br><br>Dated: | Mark S. Melodia<br>REED SMITH LLP<br>Princeton Forrestal Village<br>136 Main Street, Suite 250<br>Princeton, New Jersey 08543<br>Attorneys for Defendants<br><br>By: /s/ Mark S. Melodia<br>    Mark Melodia<br><br>Dated: 1/30/06 |

The Parties agree to bring to this Court any disputes which arise under this Agreement or under any collateral agreement which the parties enter into to share information during this tolling period. For the purpose of adjudicating such disputes, this Court shall retain jurisdiction over this matter.

The Parties agree to request assignment to Judge Robert Kugler and Magistrate Judge Joel Rosen for any further proceedings between the Parties arising from the same events or claims encompassed by the Complaint.

| Arthur Penn<br>PELLETTIERI RABSTEIN AND ATMAN<br>Tarnsfield Plaza, Suite 6<br>790 Woodlane Road<br>Mount Holly, New Jersey 08060<br>Attorney for Plaintiffs<br><br>By: _____<br>     Arthur Penn<br><br>Dated: 1/30/06 | Mark S. Melodia<br>REED SMITH LLP<br>Princeton Forrestal Village<br>136 Main Street, Suite 250<br>Princeton, New Jersey 08543<br>Attorneys for Defendants<br><br>By: _____<br>     Mark Melodia<br><br>Dated: _____ |
|---|---|

## ORDER

IT IS HEREBY ORDERED that Pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), this action is dismissed without prejudice and without costs or fees to either Party, and

FURTHER ORDERED that the statutes of limitation shall be tolled from November 1, 2005 to January 1, 2007, or as modified by future Order of this Court, and

FURTHER ORDERED that this Court shall retain jurisdiction over this matter for the purposes of adjudicating any disputes which arise under the Agreement or under any collateral agreement to share information which the parties enter into, and

FURTHER ORDERED that any further proceedings between these parties arising from the same events or claims encompassed by the Complaint herein shall be assigned by the Clerk to this Judge and to Magistrate Judge Joel Rosen.

Hon. Robert B. Kugler

ROSEN
USMJ
2-1-06